Dear Ms. Fraiche:
As legal counsel for the Tensas Parish Law Enforcement District (the "District"), you have requested the opinion of this office pertaining to the authority of the District to enter into a lease-purchase agreement for the acquisition of a prison facility and, if so, whether State Bond Commission approval of the agreement is required and whether the Public Bid law applies to the lease-purchase agreement or construction of the prison facility contemplated therein. A draft copy of the proposed agreement was included with your request.
The proposed agreement, consisting of 30 pages plus various exhibits, is very complex. While styled as a "Lease Agreement (with Option to Purchase)", its precise nature and legal effects are confusing and difficult to ascertain. For instance, while it purports to be a lease of the land and the improvements to be constructed thereon, "title" to the improvements is purportedly vested in the District. The District has the "option" to acquire the lessor's interest in the land and improvements after a certain date with the price for exercising the option diminishing the further into the lease term the parties proceed, ending with a nominal payment at the end of the lease term.
Each of your questions will be addressed separately below. As a result of discussions between the author of this opinion and key legal personnel in your firm, certain proposed changes to the agreement have also been submitted for our consideration. This opinion will incorporate those proposed changes.
1. Is the District authorized to enter into thelease-purchase agreement?
The legislation creating the various law enforcement districts and enumerating their powers and authority is set forth in Chapter 26 of Title 33 of the Louisiana Revised Statutes at § 9001, et seq. They were created for the purpose of providing financing to the office of the sheriffs for the parishes. La. R.S. 33:9001. The District has the authority to enter into such contracts and other instruments and take such other action as may be necessary to fulfill the purposes of the statutes creating and empowering the law enforcement districts. La. R.S. 33:9004. This office has previously opined that law enforcement districts have the authority to construct prison facilities and to provide financing therefor. See, La. AG Opinion No. 92-14. Moreover, La. R.S. 33:9010(C)(1) permits law enforcement districts to acquire, construct and lease immovable property which may be of benefit to the district or the sheriff:
 Any district may borrow money and issue certificates of indebtedness or bonds, secured by the full faith and credit of the sheriff and/or district, for a term not to exceed thirty years, in order to acquire, construct, reconstruct, renovate, improve, replace, maintain, repair, extend, enlarge, lease, as lessee or lessor, purchase or equip such immovable or movable property which may be of use or benefit to the district or to the applicable sheriff. Such certificates of indebtedness or bonds may only be issued after the issuance thereof is approved by a majority of the taxpayers in the district in accordance with R.S. 39:561.
On the basis of the foregoing, especially La. R.S. 33:9004
and La. R.S. 33:9010(10)(C)(1), we are of the opinion that the District has the authority to enter into the lease-purchase agreement for acquisition of a prison facility.
2. Is the District required to obtain the approval of theState Bond Commission to enter into the lease-purchase agreement?
State Bond Commission approval is required for any taxing district to incur debt. La. R.S. 39:1410.60. This office has consistently opined that a lease containing a "non-funding out" or a "non-appropriation clause" does not constitute a debt requiring State Bond Commission approval. La. AG Opinions 95-342, 95-508, 92-559, 83-1045, 81-701, 81-160. Such clauses provide that, if for any reason, the political subdivision fails to appropriate or make available funds to meet its obligations under the agreement during any fiscal year, the agreement may be terminated, without penalty. Such a clause, in essence, states that the contract is funded on a fiscal year to fiscal year basis and only involves currently appropriated revenue, and, therefore, does not incur indebtedness.
In the original draft of the proposed agreement submitted with your request, our primary concern was with the fact that, under Article XIII thereof, title to the improvements appeared to be vested in the District. The agreement provided that upon termination, even for non-appropriation of funds, title to the land and the improvements thereon would be returned to the lessor. Additionally, there is some question as to the legal effect of the agreement with regard to ownership of the land. Consequently, there were questions regarding the return of title to the lessor, inasmuch as same might be construed as a penalty under the circumstances.
Following discussion of our concerns with your colleagues, revisions to the agreement were submitted for our consideration. Those revisions removed the potential penalty of loss of title by not vesting title in the District until the option to purchase was fully exercised. Therefore, we find no penalty for non-appropriation or non-funding which would place the obligations of the District in the category of "debt" within the meaning of La. R.S. 39:1410.60.
In view of the foregoing, it is our opinion that the proposed agreement, if amended as mentioned above, does not require State Bond Commission approval.
3. Do the Public Bid Laws apply to either thelease-purchase agreement or the construction of the facility bythe Lessor?
There are no provisions in state law which set forth requirements of public bidding in the acquisition of immovable property for public use by lease or purchase. See La. AG Opinions No. 93-175 and 85-96. Consequently, the Public Bid Law does not apply to the lease-purchase agreement per se.
The Public Bid Law is found at La. R.S. 38:2211, et seq. In pertinent part, La. R.S. 38:2212 provides:
 A. (1)(a)(I) All public work exceeding the contract limit as defined herein, including labor and materials, and all purchases of any materials or supplies exceeding the sum of fifteen thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part.
"Public work" is defined as "the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." La. R.S. 38:2211(A)(11). The provisions of the lease agreement call for the construction of a prison facility on the land leased to the District. Although the term "public facility" is not defined in the Public Bid Law, we think a prison facility constructed to the specifications approved by the District would fall within the scope of that term. "Public entity" is a defined term under the Public Bid Law. La. R.S. 38:2211(A)(12) provides the definition:
 "Public entity" means and includes the State of Louisiana, or any agency, board, commission, department, or public corporation of the state, created by the constitution or statute or pursuant thereto, or any political subdivision of the state, including but not limited to any political subdivision as defined in Article VI
Section 44 of the Constitution of Louisiana, and any public housing authority, public school board, or any public officer whether or not an officer of a public corporation or political subdivision. "Public entity" shall not include a public body or officer where the particular transaction of the public body or officer is governed by the provisions of the model procurement code.
The Public Contracts Law, La. R.S. 38:2181-2317, which includes the Public Bid Law, is specifically made applicable to law enforcement districts. See, La. R.S. 33:9010(K). Therefore, construction of a prison facility on land leased by a law enforcement district would be a "public work" for the purposes of the Public Bid Law.
The final necessary element for mandatory compliance with the Public Bid Law is that the public work be paid out of "public funds." The term "public funds" is not defined. It could be argued that since the payments by the District under the lease agreement are referred to therein as "Rental Payments," and they are not directly tied to construction costs, construction of the prison facility is not being made with "public funds" within the meaning of La. R.S. 38:2212(A)(1)(a)(i). On the other hand, it is also clear from our discussions with you and other members of your firm that the lease agreement was drafted to provide a means of financing the construction of the prison. Taking that into consideration, an argument could be made that "public funds" are being used for the construction, in the sense that the Rental Payments are intended, at least in part, to help repay financing for the construction. As we pointed out in Opinion 93-389:
 The bid laws at issue were enacted to insure that public funds are spent judiciously and without unnecessary costs or favoritism. Thus, even when not required by law, the public bidding of lease and construction contracts is in the best interest of the state and its constituents. Exemptions therefrom should be carefully weighed.
In conclusion, it is the opinion of this office that the Tensas Parish Law Enforcement District has the authority to enter into a lease-purchase for the lease and construction of a prison facility with an option to purchase same without State Bond Commission approval. The construction of the facility under the proposed agreement, out of an abundance of caution, should be in accordance with the Public Bid Law.
We trust this opinion provides you with the necessary information to satisfy your query. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra
Enclosure
 State of Louisiana
DEPARTMENT OF JUSTICE
7TH FLOOR Richard P. Ieyoub 2-3-4 LOYOLA BUILDING ATTORNEY GENERAL NEW ORLEANS 70112-2096
 JUNE 03, 1992 OPINION NO. 92-14
107 — Sheriffs 90 — Police Juries — Powers and functions Under authority of a parish law enforcement district, a sheriff may build a prison and provide for the financing thereof without the concurrence of the police jury. Hon. Ray Yarbrough, President R.S. 33:9001 et seq. Morehouse Parish Police Jury P.O. Box 509 Bastrop, Louisiana 71221-0509